UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| RYAN WOOD,<br><br>                    Plaintiff,<br>v.<br>CLARK W. PATRICK, et al.,<br><br>                    Defendants. | Case No. 2:16-cv-00538-APG-PAL<br><br>**REPORT OF FINDINGS AND RECOMMENDATION** |

This matter is before the court on a screening of Plaintiff Ryan Wood's proposed complaint (ECF No. 1-1) pursuant to 28 U.S.C. §§ 1915 and 1915A. This screening is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4 of the Local Rules of Practice.

Mr. Wood is an inmate in the custody of the Clark County Detention Center and he is proceeding in this action *pro se* and *in forma pauperis*. This case arises from Wood's allegations, pursuant to 28 U.S.C. § 1983, that defendants violated his Sixth Amendment right to counsel and Fourteenth Amendment right to due process.

Federal district courts must screen an IFP complaint prior to a responsive pleading. 28 U.S.C. § 1915; *Jones v. Bock*, 549 U.S. 199, 213–14 (2007). The court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, a court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. 42 U.S.C. § 1997e (Prison Litigation Reform Act of 1995 (PLRA)); 28 U.S.C. § 1915A(b). When a court dismisses a complaint upon the initial screening, a plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995); *see also Lopez v. Smith*, 203 F.3d 1122, 1127–

29 (9th Cir. 2000) (en banc) (although the PRLA requires dismissal of a faulty complaint, a court retains discretion to grant leave to amend if the deficiencies could be cured).  If the complaint states a valid claim for relief, the court will direct the Clerk of the Court to issue summons to the defendants and instruct the United States Marshal Service to serve the summons and complaint. *Cf.* Fed. R. Civ. P. 4(c)(3).

Allegations in a *pro se* complaint are held to less stringent standards than formal pleading drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Hebbe v. Pliler*, 627 F.3d 338, 342 n.7 (9th Cir. 2010) (joining five other circuits finding that liberal construction of *pro se* pleadings is still required after *Twombly* and *Iqbal*).  However, *pro se* litigants "should not be treated more favorably than parties with attorneys of record," *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986); rather, they must follow the same rules of procedure that govern other litigants. *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995).

I. **MR. WOOD'S FACTUAL ALLEGATIONS AND CLAIMS FOR RELIEF**

The Complaint (ECF No. 1-1) names as defendants Wood's criminal defense attorneys, Clark Patrick, Michael Hyte, and David Schieck.  Defendants are representing Wood in a state criminal matter in which Wood is charged with capital murder.  Mr. Wood's claims arise from his complaints with defendants' performance in the state criminal case.  He alleges that defendants have failed to provide effective assistance of counsel because they have continuously misled him, misconstrued evidence, broken the confidential attorney-client relationship, and failed to comply with the state court's orders.  As a result, he asserts that he cannot make an accurate decision regarding his future and he has no counsel.  Mr. Wood states that he has contacted the director of the Special Public Defender's Office asking for counsel and due process and addressed these issues with the state court, all to no avail.  Pursuant to 42 U.S.C. § 1983, Wood asserts that his Sixth and Fourteenth Amendment rights were violated.  He seeks $100,000 in compensatory damages as well as damages for mental distress, pain, and suffering.

For the reasons discussed below, the court finds that the complaint fails to state a claim upon which relief can be granted, and it is clear that the deficiencies cannot be cured by amendment.  The court, therefore, recommends that the complaint be dismissed.

## II. DISCUSSION

### A. Legal Standard

Federal courts are required to dismiss an IFP action if the complaint fails to state a claim upon which relief may be granted, is legally "frivolous or malicious," or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). In determining whether a complaint is frivolous and therefore warrants complete or partial dismissal, a court is not bound to accept without question truth of plaintiff's allegations. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). Allegations are frivolous when they are "clearly baseless," *id.*, or lack an arguable "basis in law or fact." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005). Frivolous claims include those based on legal conclusions that are untenable (*e.g.*, claims against defendants who are immune from suit or claims of infringement of a legal interest that clearly does not exist), as well as claims based on fanciful factual allegations (*e.g.*, fantastic or delusional scenarios). *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991). Malicious claims are those "filed with the intention or desire to harm another." *King*, 398 F.3d at 1121; *Washington*, 833 F.3d at 1055. The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under §§ 1915 and 1915A is the same as the standard under Rule 12(b)(6) of the Federal Rules of Civil Procedure[1] for failure to state a claim. *See Knapp v. Hogan*, 738 F.3d 1106, 1109 (9th Cir. 2013); *Washington*, 833 F.3d at 1055–56. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *North Star Intern. v. Ariz. Corp. Comm'n*, 720 F.2d 578, 580 (9th Cir. 1983).

A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *accord Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The simplified pleading standard set forth in Rule 8(a) applies to all civil actions with limited exceptions. *Alvarez v. Hill*, 518 F.3d 1152, 1159 (9th Cir. 2008). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Mere recitals of the

---

[1] All references to a "Rule" or the "Rules in this Order refer to the Federal Rules of Civil Procedure.

elements of a cause of action supported only by conclusory allegations do not suffice. *Id.* at 679–80. Secondly, where the claims in the complaint have not crossed the line from plausible to conceivable, the complaint should be dismissed. *Twombly*, 550 U.S. at 570.

**B.  Analysis**

42 U.S.C. § 1983 provides a mechanism for the private enforcement of substantive rights conferred by the Constitution and federal statutes. *Graham v. Connor*, 490 U.S. 386, 393–94 (1989). Section 1983 "is not itself a source of substantive rights," it merely provides a method for vindicating federal rights. *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (citation omitted). To state a claim under § 1983, a plaintiff must allege: (1) the deprivation of any rights, privileges, or immunities secured by the Constitution; (2) by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48–49 (1988). A person acts under color of state law when he or she "exercises power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Id.* at 49. "The purpose of § 1983 is to deter *state actors* from using the badge of their authority to deprive individuals of their federally guaranteed rights." *McDade v. West*, 223 F.3d 1135, 1139 (9th Cir. 2000) (emphasis added) (citing *Wyatt v. Cole*, 504 U.S. 158, 161 (1992)).

The Sixth Amendment to the United States Constitution provides an accused in a criminal prosecution with certain rights, including the assistance of counsel in his defense. U.S. Const. Amend. VI. The Supreme Court has repeatedly recognized that public defenders are not acting under color of law the purposes of § 1983 when they act in their traditional role as advocate. *See, e.g.*, *Vermont v. Brillon*, 556 U.S. 81, 91 (2009) (assigned public defender is ordinarily not considered a state actor); *Georgia v. McCollum*, 505 U.S. 42, 53 (1992); *Polk Cnty. v. Dodson*, 454 U.S. 312, 320–25 (1981) (a public defender "does not act under color of state law when performing a lawyer's traditional functions as counsel" to a criminal defendant). Public defenders and private criminal defense attorneys do not act under the color of law when representing criminal defendants because they are not acting on behalf of the government; rather, they are the government's adversary. *See Polk Cnty.*, 454 U.S. at 323 n.13; *see also West v. Atkins*, 487 U.S. 42, 50 (1988) (discussing *Polk County*). Furthermore, conduct as legal advocates is controlled by

professional standards independent of the administrative direction of a supervisor. *See Brillon*, 556 U.S. at 91; *Polk Cnty.*, 454 U.S. at 321.

Here, Mr. Wood attempts to assert § 1983 claims against his court-appointed attorneys. However, he fails to state a colorable claim for relief because defendants are not state actors. Numerous Supreme Court and Ninth Circuit cases hold that defendants are not acting under the color of law when providing legal counsel because they are acting as Wood's defense counsel in their traditional role as advocates. Therefore, he cannot state a colorable § 1983 claim against Defendants.

Mr. Wood would ordinarily be given leave to amend a deficient complaint after an initial screening; however, it is clear from the face of his complaint that the deficiency cannot be cured by amendment. Thus, the court recommends dismissal.

Based on the foregoing,

**IT IS RECOMMENDED** that Plaintiff Ryan Wood's Complaint (ECF No. 1-1) be **DISSMISSED with prejudice**, and the Clerk of the Court be instructed to close this case and enter judgment accordingly.

Dated this 16th day of March, 2017.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE

## NOTICE

This Report of Findings and Recommendation is submitted to the assigned district judge pursuant to 28 U.S.C. § 636(b)(1) and is not immediately appealable to the Court of Appeals for the Ninth Circuit. Any notice of appeal to the Ninth Circuit should not be filed until entry of the district court's judgment. *See* Fed. R. App. P. 4(a)(1). Pursuant to LR IB 3-2(a) of the Local Rules of Practice, any party wishing to object to a magistrate judge's findings and recommendations of shall file and serve *specific written objections*, together with points and authorities in support of those objections, within 14 days of the date of service. *See also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6, 72. The document should be captioned "Objections to Magistrate Judge's Report of

1  Findings and Recommendation," and it is subject to the page limitations found in LR 7-3(b).  The
2  parties are advised that failure to file objections within the specified time may result in the district
3  court's acceptance of this Report of Findings and Recommendation without further review. *United*
4  *States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).  In addition, failure to file timely
5  objections to any factual determinations by a magistrate judge may be considered a waiver of a
6  party's right to appellate review of the findings of fact in an order or judgment entered pursuant to
7  the recommendation.  *See Martinez v. Ylst*, 951 F.2d 1153, 1156 (9th Cir. 1991); Fed. R. Civ. P.
8  72.